

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CURTIS E. DILLON | CIVIL ACTION |
| VERSUS | NO. 00-0031 |
| STATE OF LOUISIANA | SECTION "N" (2) |

### REPORT AND RECOMMENDATION

Petitioner Curtis E. Dillon is a prisoner at the Louisiana State Penitentiary in Angola, Louisiana. He filed this pro se and in forma pauperis petition for a writ of mandamus in which he alleges that he filed an application for post-conviction relief in an unspecified state court on July 7, 1999, but the court has not acted on that application. He further alleges that he sought a writ of mandamus in the Louisiana Supreme Court to compel the unspecified court to rule on his application, but the Supreme Court has failed to act upon his writ application within 30 days.

An in forma pauperis petition for a writ of mandamus may be dismissed sua sponte if the claim for relief is frivolous. See Santee v. Quinlan, 115 F.3d 355 (5th Cir. 1997);

DATE OF ENTRY JAN 31 2000

28 U.S.C. § 1915A. A claim is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).

In the present case, the petitioner's claim for relief should be dismissed as frivolous. As an initial matter, the plaintiff has named the wrong party as defendant -- the State of Louisiana rather than the Louisiana Supreme Court. Santee, 115 F.3d at 356. Furthermore, even if plaintiff were to name a proper defendant, the plaintiff's claim would nonetheless be frivolous. It is well-settled that a federal court has no power to direct a state court or its judicial officers in the performance of their duties. Id. at 356-57; Russell v. Knight, 488 F.2d 96 (5th Cir. 1973); Moye v. Clerk, Dekalb County Superior Court, 474 F. 2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Court of Tex., 440 F. 2d 383 (5th Cir. 1971); Haggard v. State of Tenn., 421 F. 2d 1384 (6th Cir. 1970). Petitioner's claim for mandamus relief has no basis in law and should be dismissed as frivolous.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Dillon's petition for a writ of mandamus be **DISMISSED WITH PREJUDICE** as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 28th day of January, 2000.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE